FILED
2008 Oct-15 PM 03:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2008 OCT -3 PM 3: 35

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| JAN MCDUFF, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) CIVIL ACTION NO.: |
| V. | ) CV-08-B-1842-S |
| | ) |
| CITY OF HELENA, | ) JURY DEMAND |
| | ) |
| DEFENDANT. | ) |

## COMPLAINT

**I.   INTRODUCTION**

1.   This is an action for declaratory judgment, equitable relief and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a, and the Fair Labor Standards Act 29 U.S.C. §201 *et seq*. Through 42 U.S.C. § 1983 Plaintiff seeks to invoke the Equal Protection Clause of the Fourteenth Amendment and the Right to Free Speech protection in the First Amendment.

## II. JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1343, 2201 and 2202. Venue is proper in the Northern District of Alabama Southern Division under 28 U.S.C. §1391(b).

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act. Plaintiff timely filed her lawsuit within 90 days of the receipt of her Right-To-Sue Letter from the EEOC.

## III. PARTIES

4. Plaintiff, Jan McDuff, is a female citizen of the United States and a resident Jefferson County, Alabama. Plaintiff was employed by Defendant, City of Helena.

5. Defendant, City of Helena, hereinafter "Defendant," is an employer within the meaning of that term as used in Title VII of the Act of Congress known as the Civil Rights Act of 1964 as amended, 42 U.S.C. Section 2000e *et seq.*, 42 U.S.C. Section 1981a. At all times pertinent to the matters alleged herein, Defendant has employed fifteen (15) or more employees.

## IV. FACTUAL ALLEGATIONS

6. Plaintiff began working with Defendant on June 24, 2000, as a Patrol Officer and today she holds the position of School Resource Officer.

7. Plaintiff is the only female officer on duty at Defendant's police force.

8. In 2007, Plaintiff applied for a K9 position, and Defendant selected a less qualified male over Plaintiff for that position. When the original applicant for that position failed to get through K9 school, and Defendant filled that position with another less qualified male.

9. Defendant has also denied Plaintiff training given to her male co-workers, and Defendant denied Plaintiff the opportunity to perform work she had been trained to perform, such as negotiate a hostage situation, while allowing unqualified males to perform such work.

10. And, Defendant denied Plaintiff the same opportunity given to her male co-workers to work extra jobs, which negatively impacted her income as compared to her male co-workers.

11. In December 2007, Plaintiff sent an e-mail to Defendant complaining that she had been discriminated against because of her female gender. Plaintiff's e-mail further stated that the Police Department failed to adequately represent the community because of its lack of minorities and women.

12. On February 8, 2008, Defendant disciplined Plaintiff for non-legitimate reasons, primarily for incidents that occurred months prior in November 2007. Moreover, Defendant has not disciplined males and individuals who have not complained of

discrimination for engaging in nearly identical conduct.

13. On February 12, 2008, Plaintiff filed an EEOC Charge against Defendant.

14. Defendant retaliated against Plaintiff for complaining of discrimination or engaging in protected activity by (1) directing others to watch Plaintiff and note everything she did; (2) by issuing Plaintiff additional non-legitimate disciplines; (3) by segregating Plaintiff into jobs such as code enforcement as opposed to investigatory work she should be assigned; (4) by denying Plaintiff pay increases; (5) by denying Plaintiff the opportunity to work extra jobs; (6) by refusing to pay Plaintiff's medical bills for an on the job injury; and by (7) by denying Plaintiff training.

15. Defendant has failed to articulate any legitimate reasons for the adverse employment actions it has taken against Plaintiff.

16. In addition, Defendant has denied Plaintiff overtime by (1) requiring Plaintiff to take compensatory time off at the improper rate of one hour for each hour of overtime worked; (2) by requiring Plaintiff to attend post-shift meetings without pay, and (3) by not paying Plaintiff overtime for other work related duties she performs such as going to Court.

**V.  CAUSES OF ACTION**

**COUNT I – Gender Discrimination in Violation of Title VII**

17. Plaintiff re-alleges and incorporates by reference paragraphs 1-16 above with the

same force and effect as if fully set out in specific detail herein below.

18. Plaintiff brings this Count only against Defendant City pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964 42 U.S.C. Section 2000e *et seq.*, as amended, and 42 U.S.C. Section 1981a.

19. Defendant discriminated against Plaintiff because of her female gender in job assignments, disciplines, pay, training and other terms, conditions and privileges of employment.

20. Defendant has failed to articulate a legitimate reason for the adverse employment actions it took against Plaintiff.

21. Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

### COUNT II – Retaliation in Violation of Title VII

22. Plaintiff re-alleges and incorporates by reference paragraphs 1-21 above with the same force and effect as if fully set out in specific detail herein below.

23. In retaliation for Plaintiff complaining of gender discrimination, Defendant retaliated against Plaintiff by taking adverse employment actions against her, including paying her less money, disciplining her and discriminating against her in job assignments.

24. Defendant has failed to articulate a legitimate reason for the adverse employment

actions it took against Plaintiff.

25. Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

### COUNT III – Fourteenth Amendment to United States Constitution- Equal Protection

26. Plaintiff re-alleges and incorporates by reference paragraphs 1-25 above with the same force and effect as if fully set out in specific detail herein below.

27. 42 U.S.C. § 1983, provides that any person acting under color of State law who deprives any other person of rights guaranteed by the constitution or laws of the United States shall be liable to the injured party in an action for legal or equitable relief.

28. The discriminatory and retaliatory actions of Defendant described in this Complaint, were taken under color of State law. Defendant's actions, as stated in this Complaint, constitute purposeful discrimination and retaliation and are arbitrary and capricious. As such, Defendant has deprived Plaintiff of her rights to equal protection under the Fourteenth Amendment to the United States Constitution.

29. Defendant acted with malice and/or deliberate indifference to the federally protected rights of Plaintiff.

30. Defendant's discrimination and retaliation against Plaintiff violated Plaintiff's clearly established Constitutional right to Equal Protection.

## COUNT IV - First Amendment

31. Plaintiff re-alleges and incorporates by reference paragraphs 1-30 above with the same force and effect as if fully set out in specific detail herein below.

32. Since Plaintiff spoke out about matters of public concern, her First Amendment interests outweigh any interest Defendant may have had in suppressing such speech and Plaintiff's exercise of her free speech was a substantial or motivating factor in Defendant's decision to retaliate against her.

33. By taking adverse employment actions against Plaintiff, Defendant retaliated against Plaintiff for her exercising her right to free speech guaranteed to her by the First Amendment to the United States Constitution and 42 U.S.C. §1983.

34. The discriminatory and retaliatory actions of Defendant described in this Complaint were taken under color of State law. Defendant's actions, as stated in this Complaint, constitute purposeful discrimination and retaliation and are arbitrary and capricious.

35. Defendant acted with malice and/or deliberate indifference toward Plaintiff's federally protected rights.

36. Defendant's discrimination and retaliation against Plaintiff violated Plaintiff's clearly established Constitutional right to Free Speech.

37. Defendant acted with malice and/or reckless indifference toward Plaintiff.

## COUNT V – Failure to Pay Overtime in Violation of the FLSA

38. Plaintiff re-alleges and incorporates by reference paragraphs 1-37 above with the same force and effect as if fully set out in specific detail herein below.

39. Plaintiff brings this Count pursuant to the Fair Labor Standards Act Section 201 *et seq*.

40. The services performed by Plaintiff were a necessary and integral part of and directly essential to Defendant's business.

41. Plaintiff was also required to work overtime hours without compensation.

42. Defendant has willfully and intentionally failed and/or refused to pay Plaintiff overtime rates according to the provisions of the FLSA.

43. Also, Defendant only paid Plaintiff compensatory time at the rate of one hour for each hour worked over forty, as opposed to the correct rate of one hour and a half for each hour worked over forty hours.

44. Plaintiff worked in excess of forty hours, but was not paid her regular rate or her overtime rate for those hours.

45. For at least three years, Defendant has been aware of the requirements of the FLSA and its corresponding regulations necessary to pay overtime pay when employees perform overtime work. Despite this knowledge, Defendant failed to pay Plaintiff the mandatory lawful wages and overtime wages as required by the FLSA.

46. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive wages and overtime wages in accordance with the FLSA.

47. In addition to the amount of unpaid wages owed to Plaintiff, Plaintiff is also entitled to recover an additional equal amount as liquidated damages and prejudgment interest.

48. Defendant's actions in failing to compensate Plaintiff in violation of the FLSA were willful.

49. Defendant has not made a good faith effort to comply with the FLSA.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by Title VII, as amended, and 42 U.S.C. Section 1981a and 42 U.S.C. §1983.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII, as amended, 42 U.S.C. Section 1981a and 42 U.S.C. Section 1983.

3. Enter an Order requiring Defendant to make Plaintiff whole by awarding her back pay (plus interest), liquidated damages, compensatory damages, front pay, nominal damages, loss of benefits including retirement, pension, seniority and other benefits of employment.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

/s/

Jon C. Goldfarb asb-5401-F58J
Daniel E. Arciniegas asb-7809-d67a
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500

**DEFENDANTS' ADDRESSES**:
City of Helena
Charles W. Sonny Penhale, Mayor
816 Highway 52E
Helena, Alabama 35080